IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| KAMARI LEWIS, | ) |
| Plaintiff, | ) CIVIL NO. 2009-99 |
| v. | ) |
| JOHN'S AUTO CENTER, INC., MAZDA MOTOR OF AMERICA, INC. d/b/a MAZDA NORTH AMERICAN OPERATIONS, and FORD MOTOR COMPANY, | ) |
| Defendants. | ) |

## ORDER

Before the Court is the motion of defendant Mazda Motor of America, Inc. d/b/a Mazda North America Operations ("MNAO") for reconsideration of the Court's October 2, 2009 order denying relief requested pursuant to Fed. R. Civ. P. 41(d). MNAO asserts that the Court's denial of its motion to stay and for payment of costs amounted to clear error and that reconsideration is necessary to prevent manifest injustice.

FACTUAL AND PROCEDURAL HISTORY

Plaintiff Lewis was a minor and his interests were represented by his mother in litigation pending in this Court captioned *Anthony, et al. v. Mazda Motor of America, Inc., et al.*, Civil No. 1999-78. Before the matter was scheduled to go to trial in 2006, plaintiff, who was by then over the age of majority, voluntarily dismissed his claims against defendants. The Court in Civil No. 1999-78 denied MNAO's motion for fees and costs in that matter first orally, and then in its written Order dated August 20, 2007.

When plaintiff filed the instant matter, MNAO sought pursuant to Federal Rule of Civil Procedure 41(d) to stay the matter until un-itemized fees and costs it claims to have incurred in the course of the prior litigation were paid. The Court denied that motion by Order dated October 2, 2009. This Motion for Reconsideration followed.

## DISCUSSION

Motions for reconsideration are governed by Local Rule of Civil Procedure 7.3:

> A party may file a motion asking the Court to reconsider its order or decision. Such motion shall be filed within fourteen (14) days after the entry of the order or decision unless the time is extended by the Court. Extensions will only be granted for good cause shown. A motion to reconsider shall be based on:
>
> 1. intervening change in controlling law;
> 2. availability of new evidence, or;
> 3. the need to correct clear error or prevent manifest injustice.

LRCi 7.3 (2008); *see also Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). A motion for reconsideration is not a substitute for an appeal, and is not to be used as "a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising arguments that could have been raised before but were not." *Bostic v. AT&T of the V.I.*, 312 F. Supp. 2d 731, 733 (D.V.I. 2004). "Local Rule [7.3] affirms the common understanding that reconsideration is an 'extraordinary' remedy not to be sought reflexively or used as a substitute for appeal." *Id.*

Defendant MNAO here has presented no argument with respect to the first two bases upon with a motion for reconsideration may rest. Rather, it claims only that it would be unjust not to award it the relief it seeks. As MNAOt acknowledges, however, an award of fees and costs under Rule 41(d) is discretionary, as noted by the Court in denying the motion before. *Larsen v. Senate of the Commonwealth of Pennsylvania,* 955 F. Supp. 1549, 1582 (M.D. Pa. 1997) *aff'd in part and rev'd in part* 154 F.3d 82 (3d Cir. 1989). MNAO does not make a sufficient showing that the Court's prior ruling was an error.

Moreover, as defendant points out, MNAO may only be entitled to the costs and fees incurred in the prior action "that will not be useful in the newly-filed litigation." *Siepel v. Bank of America*, 239 F.R.D. 558, 563 (E.D. Mo. 2006) *vacated* 2007 U.S. Dist. LEXIS 14430 (March 1, 2007). That MNAO has made no showing at all – either in its original motion or in the instant motion – as to what fees and costs, if any, incurred in prior litigation may not prove "useful" in this case[1], further supports the Court's original decision.

The premises considered, therefore, it is hereby

ORDERED that defendant MNAO's motion for reconsideration is DENIED.

DATED: September 21, 2010

                                                                                                    s/
                                                                                                    RUTH MILLER
                                                                            United States Magistrate Judge

---

[1] To be sure, defendant with his original motion submitted a copy of its motion for attorneys' fees and costs pursuant to 5 V.I.C. § 541 that had been filed in Civil No. 1999-78, which had been denied in that case. Even with that attached motion, however, defendant provided no breakdown of the amounts allegedly spent, and made no effort to indicate what amounts spent might not be useful in this litigation.