# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| KAMARI LEWIS, | ) | |
| | ) | |
| Plaintiff | ) | 3:09-CV-99 |
| | ) | |
| v. | ) | Action for Breach of Express |
| | ) | Warranty, Breach of Implied |
| MAZDA MOTOR of AMERICA, INC. | ) | Warranty, Strict Liability, |
| d/b/a MAZDA NORTH AMERICAN | ) | Negligence, Negligent |
| OPERATIONS, FORD MOTOR | ) | Infliction of Mental and Emotional |
| COMPANY, and PLAZA MOTORS | ) | Distress, Negligent Entrustment, |
| CORPORATION, | ) | Punitive Damages, Compensatory |
| | ) | Damages, **Negligent** |
| Defendants. | ) | **Misrepresentation, Intentional** |
| | ) | **Fraud, Design Defect,** |
| | ) | **Manufacturing Defect, Marketing** |
| | ) | **Defect, Failure to Warn, Failure** |
| | ) | **to Inspect, Intentional** |
| | ) | **Infliction of Emotional Distress,** |
| | ) | **Violation of Magnuson-Moss** |
| | ) | **Warranty Act, 15 USC 2301, et.** |
| | ) | **seq., Violation of Uniform** |
| | ) | **Commercial Code, Seatbelt** |
| | ) | **Failure, Unfair Business Practice,** |
| | ) | **Head Injury, & False Advertisement.** |
| | ) | |
| | ) | JURY TRIAL DEMANDED |

## MOTION IN LIMINE TO EXCLUDE TESTIMONY FROM

## DEFENDANTS' EXPERT WITNESS MICHAEL KLIMA

Kamari Lewis requests that this Court exclude defendant's expert Michael Klima.

from testifying in this matter. This request is made pursuant to Federal. Rules of Evidence 702,

703, 706, 403, and 104(a). Defendants purport to use Mr. Klima as an expert.

**Kamari Lewis v. Mazda Motors & Ford Motor Company**
**3:09-CV-99**
**Motion in Limine to Exclude Testimony from Defendants' Expert**
**Witness Michael Klima**
**Page No. 2 of 9**

## I. LAW ON EXPERT TESTIMONY

Fed. R. of Evid. 702 provides:

A witness who is qualified as an expert by knowledge, skill, experience,

training, or education may testify in the form of opinion or otherwise if:

(a) The expert's scientific, technical, or other specialized knowledge will

help the trier of fact to understand the evidence or to determine a fact in issue;

(b) The testimony is based on sufficient facts or data;

(c) The testimony is the product of reliable principles and methods; and

(d) The expert has reliably applied the principles and methods to the facts of the case.

Fed. R. OF Evid. 703 provides:

An expert may base an opinion on facts or data in the case that the expert has been

made aware of or personally observed. If experts in the particular field would

reasonably rely on those kinds of facts or data in forming an opinion on the

subject, they need not be admissible for the opinion to be admitted. But if the facts

or data would otherwise be inadmissible, the proponent of the opinion may disclose

them to the jury only if their probative value in helping the jury evaluate the

opinion substantially outweighs their prejudicial effect.

Fed. R. of Evid. 104(a) provides:

(a) The court must decide any preliminary question about whether a witness is

qualified, a privilege exists, or evidence is admissible. In so deciding, the

court is not bound by evidence rules, except those on privilege.

**Kamari Lewis v. Mazda Motors & Ford Motor Company**
**3:09-CV-99**
**Motion in Limine to Exclude Testimony from Defendants' Expert**
**Witness Michael Klima**
**Page No. 3 of 9**

The principles of Federal Rules of Evidence 104 (a) governs the admissibility of expert testimony. This rule provides that the proponent has a burden of establishing that the admissibility requirements are met by a preponderance of the evidence. See *Bourjaily v. United States, 483 U. S. 171 (1987).*

In *Daubert*, the court stated that rule 702 did not negate the trial court's traditional gatekeepers role. *Daubert v. Merrill Dow Pharm., Inc. 509 U. S. 579 (1993).* The gatekeeper's role was enhanced. A judge is required to make a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientific only valid. And whether that reason then all methodology could be properly applied to the facts at issue in the case. *Id.* the Court stated that whether it's theory or methodology is scientific knowledge that can be tested is the key to inquiry. *Id at 588-89.* Expert testimony discussed in scientific knowledge, the methodology or technique upon which it was space must be relevant, reliable, helpful, and fit. *Id at 589-92*. The Court set forth the following non exhaustive factors to be considered:

(1) whether the experts technique or theory can or has been tested-that is, whether the experts the week can be challenged in some objective sense, or whether it is simply a subjective, conclusory approach that cannot reasonably be assessed for reliability;

(2) whether the technique or theory has been subject to peer review and publication;

(3) the known or potential rate of error of the technique or theory when applied;

(4) the existence and maintenance of standards and controls; and

(5) whether the technique or theory has been generally accepted in the scientific community.

*Id at 593-594.*

**Kamari Lewis v. Mazda Motors & Ford Motor Company**
**3:09-CV-99**
**Motion in Limine to Exclude Testimony from Defendants' Expert**
**Witness Michael Klima**
**Page No. 4 of 9**

It was emphasized by the Supreme Court that inquiry was to be a flexible one, focused primarily on principles and methodology. *Id at 594-95*.

The Supreme Court extended the trial judge's discretionary authority to include the experts rationale and conclusions. *General Electric Co. v. Joiner, 522 U. S. 126 (1997)*.

The Daubert reliability factors are not a definitive checklist or tests but a group of factors that in the court's discretion may be considered when determining the admissibility of expert testimony. *Kumho Tire Co., Ltd. v. Carmichael, 526 U. S. 137 (1999).*

The court in *In re Paoli R. R. Yard PCB Litigation, 35 F. 3d 717, 744 (3d Cir. 1994)*, stated that proponents "do not have to demonstrate to the judge by a preponderance of the evidence that the assessments of the experts are correct, they only have to demonstrate by preponderance of evidence that their opinions are reliable …. The evidentiary requirement of reliability is lower than the merits standard of correctness."

## II.   DISCUSSION

### A.  MR. KLIMA'S TESTIMONY IS NOT BASED ON SUFFICIENT FACTS OR DATA

Mr. Klima does not meet the standards delineated in Fed. R. of Civ. P. 702.  Fifteen years after the accident, Mr. Klima claims that everything worked fine. Defendants claim that the seat belt works today and that it worked on May 21, 1997. (Klima Dep. Pg. 154-155.)

He did not review NHTSA's report to see if any consumer complaints had been lodged. (Klima Dep. Pg. 112).

Mr. Klima did not look at the Virgin Islands Motor Vehicle Statute in place in 1997. (Klima Dep. Pg. 129).

**Kamari Lewis v. Mazda Motors & Ford Motor Company**
**3:09-CV-99**
**Motion in Limine to Exclude Testimony from Defendants' Expert**
**Witness Michael Klima**
**Page No. 5 of 9**

He admits that FMVSS requirement was from a 95th male down to 11 year old child dummy for belt fit in all seat. (Klima Dep. Pg. 136).

Mr. Klima admits that the belt was not ideal for a child. (Klima Dep. Pg. 137).

Mr. Klima is not familiar with any studies on belts with children of different body types. (Klima Dep. Pg. 138).

Mr. Klima did not do an analysis of crash. (Klima Dep. Pg. 131).

He states that no forensic evaluation was performed. But he admits that he did not talk to any police officer. (Klima Dep. Pg. 160).

Before concluding that no forensic evaluation was performed, an expert who is not working for litigants would have talked to the police officers to ascertain if any forensic evaluation was conducted.

He does not know of any literature that Seat Belt In Seat is a better fit. (Klima Dep. Pg. 127).

### B. MR. KLIMA'S TESTIMONY WILL NOT HELP THE TRIER OF FACT TO UNDERSTAND THE EVIDENCE

An expert is tasked with assisting the trier of fact in understanding the evidence. Here that will not occur.

The vehicle was in an accident on September 12, 2000. The front seat passenger was belted. The second accident changed the condition of the vehicle. Yet Mr. Klima claims that no load marks were found on the seat belt.

### MR. KLIMA'S TESTIMONY IS NOT BASED ON RELIABLE PRINCIPLES OR METHODS

An expert must use reliable principles and methods to form his opinion. Mr. Klima's testimony will not be based on reliable principles or methods.

**Kamari Lewis v. Mazda Motors & Ford Motor Company**
3:09-CV-99
Motion in Limine to Exclude Testimony from Defendants' Expert
Witness Michael Klima
Page No. 6 of 9

Mr. Klima states that he did not see anything on the belt consistent with the occupant use. (Klima Dep. Pg. 163).

Mr. Klima did not do a test for fit of belt in an ABTS system (Klima Dep. Pg. 126).

He did not think that he saw any consumer complaints regarding the belt. (Klima Dep. Pg. 138). But the National Highway Transportation Safety Administration (NHTSA) reported seat belt defects to Ford. A small sample of the reported defects follows. The NHTSA reported that the front passenger seat belt in a 1995 Mazda B-3000 failed on December 22, 1996. The NHTSA Office of Defects Investigation informed Ford Motor Company about seat belt failure to retractor in a 1995 Ford Ranger with Vehicle Identification Number 1FTCR14U0STA41235. A 1995 Ford Ranger Truck with Vehicle Identification Number 1FTCR10A0STA51509 seat belt unlatched by itself. A 1995 Ford Ranger Truck with Vehicle Identification Number 1FTCR14X7SPA75739 seat belt unlatched by itself. The NHTSA reported in the Office of Defects ID Number 970051 that on June 8, 1995, the seat belt in a 1995 Ford Ranger failed and the driver was ejected from the vehicle. The NHTSA reported in the Office of Defects Investigation Number 8008976 that on May 1, 2002, the front seat belt in a 1995 Ford Ranger unlatched by itself. Ford Motor Company received a complaint that on March 13, 1996, a 1995 Ford Ranger with Vehicle Identification Number 1FTCR10A9SPA97937 seat belt did not hold resulting in a fatal loss. The NHTSA reported to Ford Motor Company that a 1995 Ford Ranger Truck with Vehicle Identification Number 1FTCR14UXSPA79323 had a failure with its seat belts. The NHTSA reported to Ford Motor Company that Office of Defects Investigation Number 769856, the seat belt started unlatching in a 1995 Ford Ranger. The NHTSA Office of Defects Investigation informed Ford Motor Company that the seat belt in a 1995 Ford Ranger

**Kamari Lewis v. Mazda Motors & Ford Motor Company**
3:09-CV-99
**Motion in Limine to Exclude Testimony from Defendants' Expert Witness Michael Klima**
Page No. 7 of 9

Truck with Vehicle Identification Number 1FTCR14U0STA41235 failed to retract. He concluded that physical evidence showed that the seat belt was not being used. (Klima Dep. Pg. 118).

Mr. Klima used several methods to assist in his analysis of the seat belt. He inspected the vehicle on June 29, 2012. (Klima Dep. Pg. 54). He also looked at photos of the vehicle. Mr. Klima states that there were changes to the vehicle. (Klima Dep. Pg. 54). Mr. Klima admits that typically the vehicle that he would inspect would be resting someplace and protected from the elements. (Klima Dep. Pg. 55-56, L 23-3). But what ultimately undermines Mr. Klima's methodology is his stated reliance on the repair records of the seat belt. He claims that the repair record of the seat belt shows it was not changed out, so the assumption is that is the seat belt that was in the vehicle at the collision. (Klima Dep. Pg. 56, L 5-9).

The vehicle was repaired at least three times. Mr. Klima does not have all of the repair records for the vehicle. He does not know what all was done to the vehicle. And he does not know what all was done to the seat belt.

Mr. Klima used a surrogate that was not the same size or height of the minor. He did not know the size of the child on the date of the accident. And he did not know the weight of the child on the date of the accident.

Under *Daubert* the trial judge is required to assured himself that the expert employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field. See, ***Kumho Tire Co. v. Carmichael, 119 S. Ct. 1167, 1176 (1999).*** An expert in the relevant field would have ascertained whether complaints were lodged about the seat belt with the National Highway Safety Administration. He did not.

**Kamari Lewis v. Mazda Motors & Ford Motor Company**
**3:09-CV-99**
**Motion in Limine to Exclude Testimony from Defendants' Expert**
**Witness Michael Klima**
**Page No. 8 of 9**

An expert would account for the second accident. Mr. Klima fails to account for the fact that the car was in a second accident. The front seat passenger was wearing his seat belt. Yet Mr. Klima claims no load marks exist on the seat belt.

The vehicle was repaired after the May 21, 1997 accident. It was repaired after the September 12, 2000 accident. And it was repaired after a long period of non-use. Mr. Klima does not account for any repairs of the vehicle. Mr. Klima admits that he looked at the repair records. He made the assumption that since the repair records did not show removal of the seat belt, the seat belt in the vehicle was the same one in the accident. That assumption is false. The vehicle was repaired after a long period of non-use by Ms. Anthony. Mr. Klima does not know what were repaired on the vehicle after this long period of non-use. Not having any data on what was repaired or not repaired undermine Mr. Klima's assumptions.

## CONCLUSION

The Fed. R of Evid. 702 provides the standard for expert testimony. Mr. Klima does not fit the required standards. His testimony will not be based on sufficient facts and data. He fails to account for accidents that the vehicle was in after 1999. The vehicle was repaired on more than one occasion after 1999. Mr. Klima does not account for all the repairs to the vehicle. Mr. Klima did not exert any rigorous treatment to his analysis. Mr. Klima's surrogate was not the same size or weight of the minor on the date of the accident. His findings are not based on reliable methods and principles.

**WHEREFORE**, Mr. Lewis requests that the court bar Mr. Klima from presenting any expert testimony.

**Kamari Lewis v. Mazda Motors & Ford Motor Company**
**3:09-CV-99**
**Motion in Limine to Exclude Testimony from Defendants' Expert**
**Witness Michael Klima**
**Page No. 9 of 9**

Dated: November 8, 2012                           Respectfully submitted:

                                                         _s/Joseph Caines_____
                                                         Joseph Caines, Esq.
                                                         Law Offices of Joseph Caines, P.C.
                                                         100 Blackbeard's Hill, Suite 4B
                                                         P.O. Box 307007
                                                         St. Thomas, V.I. 00803
                                                         Tel. 340-774-9277
                                                         Fax. 340-774-9267
                                                         E-mail: cainesj@viaccess.net

<u>**CERTIFICATE OF SERVICE**</u>

**IT IS HEREBY CERTIFIED** that on the 8th day of November 2012, I caused a true and exact copy of the foregoing **MOTION IN LIMINE TO EXCLUDE TESTIMONY FROM DEFENDANTS' EXPERT WITNESS MICHAEL KLIMA** to be filed electronically with the Clerk of the Court using the CM/ECF System, which will provide notification to:

    David R. Kelley, Esq.
    Bowman and Brooke, LLP
    150 South Fifth Street, Suite 3000
    Minneapolis, Minnesota 55406

    Bruce P. Bennett, Esq.
    Hunter, Cole & Bennett
    Pentheny Building, 3rd Floor
    1138 King Street, Suite 301
    Christiansted, St. Croix, VI 00820

**<u>/s/ Joseph Caines, Esq.</u>**