IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| KAMARI LEWIS, | ) | |
| | ) | |
| Plaintiff | ) | 3:09-CV-99 |
| | ) | |
| v. | ) | Action for Breach of Express |
| | ) | Warranty, Breach of Implied |
| MAZDA MOTOR of AMERICA, INC. | ) | Warranty, Strict Liability, |
| d/b/a MAZDA NORTH AMERICAN | ) | Negligence, Negligent |
| OPERATIONS, FORD MOTOR | ) | Infliction of Mental and Emotional |
| COMPANY, and PLAZA MOTORS | ) | Distress, Negligent Entrustment, |
| CORPORATION, | ) | Punitive Damages, Compensatory |
| | ) | Damages, **Negligent** |
| Defendants. | ) | **Misrepresentation, Intentional** |
| | ) | **Fraud, Design Defect,** |
| | ) | **Manufacturing Defect, Marketing** |
| | ) | **Defect, Failure to Warn, Failure** |
| | ) | **to Inspect, Intentional** |
| | ) | **Infliction of Emotional Distress,** |
| | ) | **Violation of Magnuson-Moss** |
| | ) | **Warranty Act, 15 USC 2301, et.** |
| | ) | **seq., Violation of Uniform** |
| | ) | **Commercial Code, Seatbelt** |
| | ) | **Failure, Unfair Business Practice,** |
| | ) | **Head Injury, & False Advertisement.** |
| | ) | |
| | ) | JURY TRIAL DEMANDED |

## KAMARI LEWIS OPPOSITION TO DEFENDANTS MOTION IN LIMINE TO EXCLUDE TESTIMONY FROM JAMES IPSER, PH. D.

Kamari Lewis requests that this Court deny defendants' Motion in Limine to Exclude Testimony of James Ipser, Ph. D. This request is made under the Federal Rules of Evidence 702, 703, 706, 403, and 104(a).

Kamari Lewis v. Mazda Motors & Ford Motor Company
Case No. 3:09-CV-99
Kamari Lewis Opposition to Defendants Motion in Limine to
Exclude Testimony of James Ipser, Ph. D.
Page No. 2 of 12

## I.     INTRODUCTION

On May 21, 1997, then nine year old Kamari Lewis was involved in a vehicle accident. Under Virgin Islands laws, the driver and front seat passenger must wear seat belts. He was wearing his seat belt. The seat belt failed and he sustained injuries. Mr. Lewis will use James Ipser, Ph. D. as an expert witness. Defendants seek to preclude the use of Dr. Ipser.

## II.    LAW

Fed. R. of Evid. 702 provides:

   A witness who is qualified as an expert by knowledge, skill, experience,

   training, or education may testify in the form of opinion or otherwise if:

   (a) The expert's scientific, technical, or other specialized knowledge will

      help the trier of fact to understand the evidence or to determine a fact in issue;

   (b) The testimony is based on sufficient facts or data;

   (c) The testimony is the product of reliable principles and methods; and

   (d) The expert has reliably applied the principles and methods to the facts of the case.

Fed. R. OF Evid. 703 provides:

   An expert may base an opinion on facts or data in the case that the expert has been

   made aware of or personally observed. If experts in the particular field would

   reasonably rely on those kinds of facts or data in forming an opinion on the

   subject, they need not be admissible for the opinion to be admitted. But if the facts

Kamari Lewis v. Mazda Motors & Ford Motor Company
Case No. 3:09-CV-99
Kamari Lewis Opposition to Defendants Motion in Limine to
Exclude Testimony of James Ipser, Ph. D.
Page No. 3 of 12

>or data would otherwise be inadmissible, the proponent of the opinion may disclose them to the jury only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect.

Fed. R. of Evid. 104(a) provides:

>(a) The court must decide any preliminary question about whether a witness is qualified, a privilege exists, or evidence is admissible. In so deciding, the court is not bound by evidence rules, except those on privilege.

The principles of Federal Rules of Evidence 104 (a) governs the admissibility of expert testimony. This rule provides that the proponent has a burden of establishing that the admissibility requirements are met by a preponderance of the evidence. See **Bourjaily v. United States, 483 U. S. 171 (1987).**

A judge is required to make a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientific only valid. And whether that reason then all methodology could be properly applied to the facts at issue in the case. **Daubert v. Merrill Dow Pharm., Inc. 509 U. S. 579 (1993).** The Court stated that whether it's theory or methodology is scientific knowledge that can be tested is the key to inquiry. **Id at 588-89.** Expert testimony discussed in scientific knowledge, the methodology or technique upon which it was space must be relevant, reliable, helpful, and fit. **Id at 589-92**.

The Court set forth the following non exhaustive factors to be considered:

>(1) whether the experts technique or theory can or has been tested-that is, whether the experts
>
>>the work can be challenged in some objective sense, or whether it is simply a subjective,

Kamari Lewis v. Mazda Motors & Ford Motor Company
Case No. 3:09-CV-99
Kamari Lewis Opposition to Defendants Motion in Limine to
Exclude Testimony of James Ipser, Ph. D.
Page No. 4 of 12

>   conclusory approach that cannot reasonably be assessed for reliability;

(2) whether the technique or theory has been subject to peer review and publication;

(3) the known or potential rate of error of the technique or theory when applied;

(4) the existence and maintenance of standards and controls; and

(5) whether the technique or theory has been generally accepted in the scientific community.

>   *Id at 593-594.*

It was emphasized by the Supreme Court that inquiry was to be a flexible one, focused primarily on principles and methodology. *Id at 594-95*.

The Supreme Court extended the trial judge's discretionary authority to include the experts rationale and conclusions. ***General Electric Co. v. Joiner, 522 U. S. 126 (1997)***.

The ***Daubert*** reliability factors are not a definitive checklist or tests but a group of factors that in the court's discretion may be considered when determining the admissibility of expert testimony. ***Kumho Tire Co., Ltd. v. Carmichael, 526 U. S. 137 (1999).***

The court in ***In re Paoli R. R. Yard PCB Litigation, 35 F. 3d 717, 744 (3d Cir. 1994)***, stated that proponents "do not have to demonstrate to the judge by a preponderance of the evidence that the assessments of the experts are correct, they only have to demonstrate by preponderance of evidence that their opinions are reliable …. The evidentiary requirement of reliability is lower than the merits standard of correctness."

No single factor is necessarily dispositive of the reliability of a particular expert's testimony. See,

***Heller v. Shaw Industries, Inc., 167 F. 3d 146, 155 (3d Cir. 1999).***

Kamari Lewis v. Mazda Motors & Ford Motor Company
Case No. 3:09-CV-99
Kamari Lewis Opposition to Defendants Motion in Limine to
Exclude Testimony of James Ipser, Ph. D.
Page No. 5 of 12

### III.    DISCUSSION

Rule 702 is not designed to provide an excuse for an automatic challenge to the testimony of every expert. See, ***Kumho Tire Co. v. Carmichael, 119 S. Ct. 1167, 1176 (1999).***

Defendants are using Rule 702 as an automatic challenge to the testimony of Dr. Ipser. This is not the intent of the rule. Expert testimony cannot be excluded simply because the expert uses one test rather than another, when both tests are accepted in the field and both reach reliable results. See, ***Heller, Supra.*** Mr. Lewis need only show by a preponderance of the evidence that Dr. Ipser's opinions are reliable. See, ***In re Paoli R. R. Yard PCB Litigation, 35 F. 3d 717, 744 (3d Cir. 1994).*** The standard for reliability is lower than the standard for correctness. *Id*.

In short, an expert must have the requisite "qualifications, reliability, and fit." ***Daubert, Supra.*** There is no doubt that Dr. Ipser has the requisite qualifications, reliability and fit. To qualify as an expert under Fed. R. Evid. 702, a witness must have sufficient qualifications in the form of knowledge, skills, and training. ***Id.***

Here Dr. Ipser has the requisite knowledge, skills and training to serve as an expert. Dr. Ipser has a Ph. D. in Physics. He is Professor Emeritus in Physics at the University of Florida. He taught physics at the University of Florida. He designed courses in accident reconstruction at the University of Florida. He is a member of numerous professional societies. These include the

Society of Accident Reconstructionists, the International Society of Biomechanics, the Accident Reconstruction Network, and the Society of Automotive Engineers.

In 1997, Dr. Ipser received certification in Accident Reconstruction from the Society of Accident Reconstruction. He created a graduate course, Physics of Accident Reconstruction and Biomechanics. He has taken classes in and attended conferences on accident reconstruction. These conferences include the 40th Stapp Car Crash Conference, the 41st Stapp Car Crash Conference and Child Occupant Protection Symposium, ARC Network Crash Conferences, Southeast Collision Reconstruction Conference.

He has been qualified as an expert in both Federal and State Courts in Florida. He has offered testimony as an expert.

Dr. Ipser has the requisite knowledge and skill to serve as an expert. Two requirements are contained in the Fed. R. Evid. 702. First, the evidence must be reliable. Second, the evidence must be relevant. It must assist the trier of fact to understand the evidence or to determine a fact in issue. ***Daubert, 509 U. S. at 591***. The relevance criteria is one that fit. ***Id***.

The trial court is the gatekeeper and must determine under Fed. R. Evid. 104(a), if the expert is proposing to testify to scientific knowledge that will assist the trier of fact to understand or determine a fact in issue. ***Id. at 592.*** This requires a determination of whether the reasoning or methodology underlying the testimony is scientifically valid and can be applied to the facts at

Kamari Lewis v. Mazda Motors & Ford Motor Company
Case No. 3:09-CV-99
Kamari Lewis Opposition to Defendants Motion in Limine to
Exclude Testimony of James Ipser, Ph. D.
Page No. 7 of 12

issue. *Id at 592-593*.

Defendants assert that Dr. Ipser has not conducted any surrogate tests, sled tests, or looked at any drawings of the seat belt. Nor did he review any of their tests. Two reasons exist why Doctor Ipser did not review the tests performed by the defendants. First, Dr. Ipser's expert report was required by June 25, 2012. Two of defendants' experts reviewed the vehicle on June 29, 2012. (Klima Dep. Pg. 54). The surrogate tests were performed on July 12, 2012, August 8, 2012, and September 18, 2012. (Klima Dep. Pg. 145, L 16-19).

Defendants scheduled the date and time to performed the tests. The date and time of the tests were after Dr. Ipser's report was due. And the dates and times were not convenient for Dr. Ipser. Defendants also claim that Dr. Ipser did not view the scene of the accident. But neither did two of their experts. (Klima Dep. Pg. 57, L 15-20) and (Smith Dep. Pg. 20, L 4-6).

Defendants performed tests on the seat belt after it was involved in another accident. The vehicle was involved in an accident on September 12, 2000. (Anthony Dep. Pg. 87, L 11-25). The data retrieved after the second accident cannot be reliable. Defendants knew of the accident and tested the vehicle in 1999. (See Exhibits A and B). Their experts never stated that no load marks were on the seat belt. They claim the child was out of position or unbelted.

Defendants claim the Dr. Ipser does not know what he is doing. But Dr. Ipser has qualified to be

Kamari Lewis v. Mazda Motors & Ford Motor Company
Case No. 3:09-CV-99
Kamari Lewis Opposition to Defendants Motion in Limine to
Exclude Testimony of James Ipser, Ph. D.
Page No. 8 of 12

an expert in Federal and State Courts in Florida.

Defendants criticizes Dr. Ipser because he did not review the certification files for the seat belt system. First, the certification files from Richard Klima were received after the due date of Dr. Ipser's report. Second, Mr. Klima himself states that compliance with FMVSS 209 does not mean that the seat belt cannot fail or malfunction. (Klima Dep. Pg. 112).

Defendants claim that Dr. Ipser's assumptions come from the self-serving statements of interested parties. (Motion at Pg. 11). Defendants want the Court to believe that their experts are not self serving interested entities. Mr. Klima CV and his testimony show that over fifty percent of his legal testimony is on behalf of Ford. (Klima Dep. Pg. 96-97). Similarly, Henry Smith, Ph. D. testified that 95% of his work is for defendants and only five percent is for plaintiffs. (Smith Dep. Pg. 121, L18-22). And over the past 30 years he has done over 30-50 cases for Ford. (Smith Dep. Pg. 17, l 2-4). While they are not interested parties, defendants' experts are interested entities. Their earnings are derived from serving as experts for the defendants.

Defendants state that "It is well recognized in the automotive scientific community that wearing a seat belt in a crash can be expected to result in physical evidence, such as load marks, on seat belt itself, indicating whether and how the seat belt was worn." (Motion at Pg. 12).

Defendants fail to admit it is also well recognized in the automotive scientific community that

many factors determine whether or not load marks will be on the seat belt in a crash after an accident. These factors include the size of the occupant, occupant kinematics, vehicle dynamics, and the severity of the crash. They claim that because of the undisputed evidence of lack of physical evidence, Dr. Ipser has failed to provide any scientific analysis that the child was wearing his seat belt. (Motion at 13). But the vehicle was in a subsequent accident on September 12, 2000, and even though the front seat passenger was wearing his seat belt, defendants' experts still claim that no physical evidence exists to show use of the seat belt.

### A. TESTIMONY PRODUCT OF RELIABLE SCIENTIFIC METHODOLOGY

Defendants claim that Dr. Ipser used an unproven assumption to determine that the seat belt was defective. Defendants maintain that they used a surrogate test to prove its case. They claim that the surrogate weight was the same and he was the same size as the child. This position is incorrect. None of the experts knew child's weight nor height on the date of the accident. So defendants' experts could not use a surrogate who was the same height and weight as the child. Since defendant's expert, Mr. Klima did not know the child's height and weight, the sled test conducted is not pertinent. Not only did Mr. Klima not know the height and weight of the child, he did not know the body make-up of the child. For example, he did he know the size and shape of the child's head.

Kamari Lewis v. Mazda Motors & Ford Motor Company
Case No. 3:09-CV-99
Kamari Lewis Opposition to Defendants Motion in Limine to
Exclude Testimony of James Ipser, Ph. D.
Page No. 10 of 12

Defendants maintain that because the seat belt functioned properly before and after the accident, it must have functioned properly during the accident. Well performance or non-performance during the accident is the issue at hand. What happened during the accident is the key. It is interesting that on September 12, 2000, the vehicle was in another accident. A front seat passenger was wearing his seat belt. Yet defendants' experts cannot find any evidence of wear in the second accident.

### B. LACKS HALLMARK OF RELIABLE SCIENTIFIC METHODOLOGY

Defendants state that Dr. Ipser's methodology has not been subjected to peer review. (Motion at Pg. 19). Two responses are in order. First, peer review is not definitive. See, ***Kannankeril v. Terminix Int'l., Inc. 128 F. 3d 802, 809 (3d Cir. 1997).*** The lack of peer review or publication was not dispositive where the expert opinion was supported by widely accepted scientific knowledge. ***Id.***

Second, Dr. Ipser states that he did not ask anyone to peer review his work. Not asking anyone to do a peer review is not the same as cannot identify anyone who will accept the methodology.

### C. IPSER QUALIFIED TO OFFER TESTIMONY.

The requirements of ***Daubert*** is not the only safeguard to protect against the admission of unreliable scientific evidence. An independent check is provided by the Federal Rules of

Kamari Lewis v. Mazda Motors & Ford Motor Company
Case No. 3:09-CV-99
Kamari Lewis Opposition to Defendants Motion in Limine to
Exclude Testimony of James Ipser, Ph. D.
Page No. 11 of 12

Evidence 703, 706, and 403. Other procedures such as cross examination, the presentation of contrary evidence, and jury instruction on the burden of proof also act as a deterrent to the use of unscientific evidence.

## CONCLUSION

Defendants' motion to exclude Dr. Ipser's testimony should be denied. Dr. Ipser's testimony comports with the requirements of Fed. R. of Civ. P. 702 and 104(a). His testimony meets the standards under Daubert.

**WHEREFORE**, Mr. Lewis requests that this court enter the following orders.

1. Enter an order denying defendants' motion to exclude testimony of James Ipser, Ph. D.;

2. Enter an order granting plaintiff's cost for responding to this motion.

Dated: November 8, 2012                           Respectfully submitted:

                                                  _s/Joseph Caines_____
                                                  Joseph Caines, Esq.
                                                  Law Offices of Joseph Caines, P.C.
                                                  100 Blackbeard's Hill, Suite 4B
                                                  P.O. Box 307007
                                                  St. Thomas, V.I. 00803
                                                  Tel. 340-774-9277
                                                  Fax. 340-774-9267
                                                  E-mail: cainesj@viaccess.net

Kamari Lewis v. Mazda Motors & Ford Motor Company
Case No. 3:09-CV-99
Kamari Lewis Opposition to Defendants Motion in Limine to
Exclude Testimony of James Ipser, Ph. D.
Page No. 12 of 12

## CERTIFICATE OF SERVICE

**IT IS HEREBY CERTIFIED** that on the 8th day of November 2012, I caused a true and exact copy of the foregoing **KAMARI LEWIS OPPOSITION TO DEFENDANTS MOTION IN LIMINE TO EXCLUDE TESTIMONY OF JAMES IPSER, Ph. D.** to be filed electronically with the Clerk of the Court using the CM/ECF System, which will provide notification to:

| | |
|---|---|
| David R. Kelley, Esq. | Bruce P. Bennett, Esq. |
| Bowman and Brooke, LLP | Hunter, Cole & Bennett |
| 150 South Fifth Street, Suite 3000 | Pentheny Building, 3rd Floor |
| Minneapolis, Minnesota 55406 | 1138 King Street, Suite 301 |
| | Christiansted, St. Croix, VI 00820 |

**/s/ Joseph Caines, Esq.**