IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| KAMARI LEWIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil No. 2009-99 |
| ) | |
| MAZDA MOTOR OF AMERICA, INC. ) | |
| d/b/a MAZDA NORTH AMERICAN ) | |
| OPERATIONS, and FORD MOTOR ) | |
| COMPANY, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ORDER

Before the Court is the motion of Mazda Motor of America, Inc. d/b/a Mazda North American Operations ("Mazda") for expenses and attorney's fees [DE 141] pursuant to Rule 30(g) of the Federal Rules of Civil Procedure. In particular, Mazda requests the Court award Mazda its costs and expenses incurred as a result of the last minute cancellation of Mazda's deposition by plaintiff's counsel and "preclude further discovery against Mazda until after plaintiff's counsel reimburses" said costs and expenses. Mazda also seeks costs and expenses for its preparation of the instant motion. Plaintiff opposes Mazda's motion. [DE 151].

### I.   BACKGROUND

On April 12, 2012, plaintiff served a Notice of Oral Deposition on Mazda pursuant to Rule 30(b)(6). On May 23, 2012, Mazda sought a protective order from the Court limiting the topics in the notice. [DE 96]. On June 12, 2012, the Court granted Mazda's motion and ordered, *inter alia*, that plaintiff "serve a revised Notice of Rule 30(b)(6) Deposition specifically tailored to inquiries regarding the seatbelt for the specific make, model and year of the vehicle involved

*Lewis v. Mazda, et al.*
Civil No. 2009-99
Page 2

in this lawsuit, by June 18, 2012." [DE 110]. On June 18, 2012, plaintiff served a second Notice of Oral Deposition ("Second Notice"), which did not provide a date or location for the deposition. [DE 142-2 at 4-5]. On July 6, 2012, defense counsel served Mazda's responses and objections to the Second Notice and offered Nathan Edmonds ("Edmonds") as its corporate representative. [DE 142-2 at 11-26]. Defense counsel also advised by letter that Edmonds would offer testimony within the parameters set by the Court's June 12, 2012 Order only, and requested "alternative dates" for the deposition. *Id.* at 27. Finally, defense counsel requested a telephonic "meet and confer" should plaintiff disagree with the proposed testimony. *Id*. In a letter dated July 18, 2012, defense counsel suggested a possible date for Edmonds' deposition, as plaintiff's counsel had not responded to the July 6, 2012 letter. [DE 142-2 at 28].

On July 23, 2012, counsel for the parties discussed the scheduling of depositions via a conference call, with plaintiff's counsel agreeing to promptly provide a deposition date. On August 2, 2012, still having received no proposed dates from plaintiff's counsel, defense counsel again reminded counsel of the need to finalize the details regarding Edmonds' deposition. [DE 142-2 at 30]. On August 6, 2012, defense counsel received a letter from plaintiff's counsel (dated July 30, 2012), advising of his availability to take Edmonds' deposition on September 5, 2012. [DE 142-2 at 31]. On August 22, 2012, defense counsel confirmed the deposition time, date and location via letter and electronic mail. [DE 142-3 at 1]. On August 29, 2012, defense counsel again confirmed the deposition date, time and location via letter, facsimile and electronic mail, and also advised as follows:

> If you cancel or postpone this deposition for any reason, please advise me by email as soon as possible – but please provide such notice before the close of business this Friday, August 31, 2012. In any event, if I do not receive an email from you by noon on Monday, September 3, 2012 advising of cancellation, and the deposition is thereafter canceled or postponed by you, this letter serves as

> notice to you that defendants will seek reimbursement for all travel, meal and lodging costs and expenses incurred, and hourly fee compensation for all lost time associated with the travel and preparation for this deposition.

[DE 142-3 at 3]. On August 30, 2012, plaintiff served a third Notice of Oral Deposition ("Third Notice") on Mazda, stating the deposition would occur on September 5, 2012 in Gardena, California. [DE 135]. Mazda served responses and objections to the Third Notice on August 31, 2012, again designating Edmonds as its corporate witness and limiting the proposed testimony pursuant to the Court's June 12, 2012 Order.

On September 4, 2012, defense counsel traveled from Minnesota to Los Angeles in anticipation of the scheduled deposition on September 5. Upon arriving in Los Angeles, defense counsel had a voicemail from plaintiff's counsel stating he was "cancelling" the deposition because (1) it was "not properly noticed" and (2) "the wrong notice" was sent to defense counsel. Aff. David R. Kelly ("Kelly Aff.") ¶ 10. Defense counsel promptly telephoned plaintiff's counsel and indicated Mazda's willingness to attend the deposition as scheduled; however, plaintiff's counsel nevertheless cancelled the deposition. *Id*.

## II.    DISCUSSION

Rules 26 through 37 of the Federal Rules of Civil Procedure govern the process of factual discovery for federal civil litigation. These discovery rules set forth the consequences for a party's failure to cooperate in the discovery process. *See, e.g.*, FED. R. CIV. P. 30(g), 37. Failure to proceed with a properly noticed deposition is sanctionable under Rule 30(g), which provides that "[a] party who, expecting a deposition to be taken, attends in person or by an attorney may recover reasonable expenses for attending, including attorney's fees, if the noticing party failed to attend and proceed with the deposition." FED. R. CIV. P. 30(g)(1). "Insufficient notice of the cancellation of depositions by the noticing party, particularly when the other party has already

traveled to the deposition location, warrants an award of costs and attorney's fees." *Atwell v. SPX Cooling Techs., Inc.*, 2011 U.S. Dist. LEXIS 60456, at *7 (M.D. Pa. June 6, 2011) (citing *Zoltek Corp. v. United States*, 2006 U.S. Claims LEXIS 429, at *7 (Fed. Cl. July 25, 2006) (collecting cases)); *but see Johnson v. Hendrick Auto. Group*, 2011 U.S. Dist. LEXIS 47480, at *20-21 (W.D.N.C. May 3, 2011) (finding Rule 30(g) not applicable even though defendant's counsel traveled from Raleigh to Charlotte and spent the day prepping the witness because counsel <u>did not attend</u> the deposition, which opposing counsel canceled on short notice). In determining whether to award fees and costs, the court "should consider all the circumstances." *Roger Dubuis N. Am. v. Thomas*, 2006 U.S. Dist. LEXIS 101085, at *6 (M.D. Pa. Nov. 3, 2006) (quoting *Barrett v. Brian Bemis Auto World*, 230 F.R.D. 535, 537 (N.D. Ill. 2005)).

Plaintiff's counsel justifies the cancellation of Mazda's deposition on the basis that he "inadvertently filed the incorrect notice upon Mazda" which "did not comply with the requirements" under Rule 30(b)(6). Pl.'s Resp. at 2-3 [DE 151]. Plaintiff's counsel does not explain how the Third Notice failed to comply with Rule 30(b)(6), nor does he explain the "wrong notice" argument. Plaintiff's counsel describes his attempts to contact defense counsel on September 4, 2012, including calling defense counsel's Los Angeles and Minneapolis offices and mobile number.[1] *Id.* at 2. Finally, he argues that the cancellation was not "abusive" or "undertaken in bad faith," explaining he also "incurred costs and expenses traveling to California. It was only after being unable to contact [defense counsel], and the need to inform the court reporter and videographer did [he] cancel[] the deposition." *Id.* at 3-4.

---

[1] Interestingly, plaintiff's counsel acknowledges that his "discovery of the inadvertent notice filed was unearthed on Monday, September 3, 2012," yet, he does not state that he tried to notify defense counsel that day. Pl.'s Resp. at 2 [DE 151].

The Court concludes an award of reasonable costs, including attorney's fees, is appropriate in this case even assuming, *arguendo*, that plaintiff's counsel did not act in bad faith. *See Real Colors, Inc. v. Patel*, 1998 U.S. Dist. LEXIS 2168, at *1 (N.D. Ill. Feb. 13, 1998) (stating the court, in its discretion, may award fees and expenses when "reasonable and appropriate" and disagreeing with plaintiff that a finding of bad faith is required); *Matthews v. USAir*, 1997 U.S. Dist. LEXIS 520, at *6 n.1 (N.D.N.Y Jan. 22, 1997) (noting the lack of authority supporting the contention that the requirement of "bad faith" is required for an award of expenses under Rule 30(g)); *cf. Atwell*, 2011 U.S. Dist. LEXIS 60456, at *6 (evaluating plaintiff's cancellation of deposition testimony under Rule 37's "substantial justification" standard and noting "the court should consider all the circumstances when determining appropriate sanctions, including whether a party's failure to cooperate in discovery was inadvertent or in bad faith"). Because plaintiff's counsel noticed the deposition scheduled for September 5, 2012, he retained the burden, should he cancel the deposition for whatever reason, of conveying the change in plans to defense counsel in sufficient time to prevent defense counsel from incurring the expense of out-of-state travel to the site of the scheduled deposition. *See Atwell*, 2011 U.S. Dist. LEXIS 60456, at *7 (finding defendant was entitled to an award of reasonable travel fees where it was not notified until the day before the taking of a deposition that it would not be taken, and defendant's counsel had traveled out-of-state to the place of examination); *Albee v. Cont'l Tire North America, Inc.*, 780 F. Supp. 2d 1005, 1013 (E.D. Cal. 2011) (same). This he failed to do.

Defense counsel seeks $1,644.05 in travel, meal and lodging expenses, $2,745 in "wasted and lost attorney time associated with the travel and preparation for the deposition," and

*Lewis v. Mazda, et al.*
Civil No. 2009-99
Page 6

$5,488.00 in attorney's fees associated with the preparation of the instant motion.[2] Kelly Aff. ¶¶ 11-13. However, the only awards for which defense counsel provides any support are for the claimed travel-related expenses. *See* Ex. P [DE 142-3 at 28] (providing itemized list of expenses with receipts).

With respect to the fees sought, there is no breakdown of hours spent, activities engaged in, or hourly rates, nor is there any discussion as to whether such rates are reasonable. *See Jonestown Bank & Trust Co. v. Automated Teller Mach. Servs.,* 2012 U.S. Dist. LEXIS 172323, at *8 (M.D. Pa. Dec. 4, 2012) (explaining "[t]he party seeking the attorney's fees has the burden to prove that the requested attorney's fees are reasonable, which initially requires the fee petitioner to 'submit evidence supporting the hours worked and the rates claimed'") (quoting *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990)). Further, defense counsel has provided no explanation regarding fees sought for the "wasted" attorney time in preparation for the deposition. The Court observes as a general matter that such efforts cannot be deemed as wholly wasted, because the preparation for such discovery would be required in any event. And, as for the fees award sought for drafting the instant motion, defense counsel states only that it includes his fee and that of an associate attorney and a paralegal "for a total of 24.1 hours" of billable time. Kelly Aff. ¶ 13. Not only does this appear excessive, but as these fee requests lack proper support, the Court denies defense counsel's request for such attorney's fees.[3]

---

[2] Mazda requests the Court enter an award of fees or costs against either plaintiff or plaintiff's counsel. Def.'s Mot. at 1 [DE 141]. The facts indicate, however, that only plaintiff's counsel should bear responsibility for any monetary award in favor of Mazda, because the record does not demonstrate that plaintiff participated in the cancellation of Mazda's deposition.

[3] Defense counsel has had ample opportunity to supplement his request with billing records since the September 7, 2012 filing date of the instant motion and yet has failed to do so.

*Lewis v. Mazda, et al.*
Civil No. 2009-99
Page 7

Finally, Mazda requests, without citation to authority, the preclusion of further discovery against Mazda until after plaintiff's counsel reimburses Mazda. There is no authority for this sanction in Rule 30(g). Moreover, the Court's research was unavailing but for finding a Tenth Circuit case which vacated in part a district court's order prohibiting "further deposition taking by the plaintiffs until the reimbursement [of] monies" pursuant to Rule 30(g) due to the lack of authority for such a sanction. *Cronin v. Midwestern Oklahoma Dev. Authority*, 619 F.2d 856, 864 (10th Cir. 1980). Accordingly, this Court denies Mazda's request for such a discovery sanction.

### III.   CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Mazda's motion for expenses and attorney's fees [DE 141] is DENIED IN PART and GRANTED IN PART. Plaintiff's counsel shall reimburse defense counsel $1,644.05 in travel, meal and lodging expenses.

**Dated:** December 20, 2012                    S\_____
                                                                        **RUTH MILLER**
                                                                        United States Magistrate Judge