IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| KAMARI LEWIS, )<br>)<br>   Plaintiff, )<br>)<br>vs. )<br>)<br>MAZDA MOTOR OF AMERICA, INC. )<br>d/b/a, MAZDA NORTH AMERICAN )<br>OPERATIONS, and FORD MOTOR )<br>COMPANY, )<br>)<br>   Defendants. )<br>_____) | Civil No. 2009-99 |

## **ORDER**

  Before the Court is plaintiff's Motion for Attorney Fees and Costs [DE 150] pursuant to Rule 37(d) of the Federal Rules of Civil Procedure based on Ford Motor Company's ("Ford") unilateral cancellation of the deposition of its corporate designee, Roger Burnett ("Burnett"), scheduled for September 18, 2012. Plaintiff requests that the Court prohibit Ford from presenting any evidence relevant to the seat belt and order Ford to reimburse plaintiff for attorney fees, costs and expenses incurred.[1] Ford did not respond to plaintiff's motion.

  Plaintiff states that the Burnett deposition was scheduled for September 18, 2012 in Detroit, Michigan. However, on September 13, 2012, Ford's counsel emailed plaintiff's counsel, advising as follows:

> I must report that the Ford 30(b)(6) witness, Mr. Roger Burnett, . . . has just learned that he must appear in a Ford trial in Florida that conflicts with the September 18 date. He did not expect [that] his trial testimony would come up as quickly as it has in that case . . . [S]ince this is a trial conflict, neither we nor Mr. Burnett can do anything about it. It is unavoidable. We have obtained a new date

---

[1]   Plaintiff also requested until October 9, 2012 "to file Declaration." Plaintiff does not state the purpose of any such declaration, nor, despite the passage of time since the motion was filed, has plaintiff filed any such declaration.

>for Mr. Burnett's deposition, and we suggest **September 25** for you to take his deposition. Please let me know if that date will work for you. . . .[2]

[DE 150-1 (emphasis in original)]. Plaintiff contends that prior to Ford's unilateral cancellation of Burnett's deposition, plaintiff had already made travel plans, and secured a court reporter and a venue for the September 18, 2012 deposition.[3] Pl.'s Mot. at 2.

Federal Rule of Civil Procedure 37(d)(1)(A)(i) permits the court, on motion, to order sanctions listed in Rule 37(b)(2)(A), including prohibiting the disobedient party from introducing designated matters in evidence, if a party fails to appear for its deposition after receiving proper notice. FED. R. CIV. P. 37(d)(1)(A)(i). If the court decides to award sanctions under subsection (A)(i), then Rule 37(d)(3) requires the court to order the party failing to act or its attorney, in addition to or instead of available sanctions listed in Rule 37(b)(2)(A), to reimburse the moving party for reasonable expenses, including attorney's fees, "unless the failure was substantially justified or other circumstances make the award of expenses unjust." FED. R. CIV. P. 37(d)(3). S*ee Deville v. Givaudan Fragrances Corp.*, 419 Fed. Appx. 201, 208 (3d Cir. 2011)(explaining a court "may not apply sanctions under Rules 26 and 37 without considering whether the sanctioned conduct was 'substantially justified'").

The court has broad discretion to decide whether to award sanctions under Rule 37(d). *See Kibbie v. Experian*, 2010 U.S. Dist. LEXIS 118903, at *3 (M.D. Pa. Nov. 9, 2010) (citing *Bowers v. Nat'l Collegiate Athletic Ass'n*, 475 F.3d 524, 538 (3d. Cir. 2007)). In deciding whether to award sanctions under Rule 37, the court should weigh several factors, including: (1)

---

[2] On September 17, 2012, plaintiff noticed Burnett's deposition for September 25, 2012. [DE 146].

[3] Plaintiff states the contract with the provider of the facility where the September 18, 2012 deposition was to occur "call[ed] for payment of a cancellation fee" and that "there will be an airline change fee plus the difference between the price for the original ticket and the new ticket." Pl.'s Mot. at 4. Plaintiff did not provide a copy of the contract or the amount of the cancellation fee, nor did he provide any additional information as to any change or other fee he may have incurred.

the extent of a party's personal responsibility; (2) a history of dilatoriness; (3) whether the party's or attorney's conduct was willful or in bad faith; (4) the meritoriousness of the claims; (5) prejudice to the other party; and (6) appropriateness of alternative sanctions. *Flaherty v. M.A. Bruder & Sons, Inc.*, 202 F.R.D. 137, 141 (E.D. Pa. 2001) (citing *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868-70 (3d Cir. 1984)).

In his motion, plaintiff does not address any of the factors set forth above. In addition, plaintiff has not provided any evidence of costs or fees incurred from which this Court could fashion an appropriate sanction, if one were found to be justified under the circumstances. *See Jonestown Bank & Trust Co. v. Automated Teller Mach. Servs.,* 2012 U.S. Dist. LEXIS 172323, at *8 (M.D. Pa. Dec. 4, 2012) (explaining "[t]he party seeking the attorney's fees has the burden to prove that the requested attorney's fees are reasonable, which initially requires the fee petitioner to 'submit evidence supporting the hours worked and the rates claimed'") (quoting *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990)); *see also Barkouras v. Hecker*, 2007 U.S. Dist. LEXIS 17220, at *21 (D.N.J. Mar. 12, 2007) (explaining "[t]he Third Circuit has instructed that monetary sanctions should relate directly to the expenses incurred due to the non-complying party's violation") (citing *Martin v. Brown*, 63 F.3d 1252, 1264 (3d Cir. 1995)).

On the other hand, Ford has utterly failed to respond to the motion in any way.

What the Court is left with, then, is a situation involving a deposition that was cancelled on five days' notice, before any party claims to have traveled for the deposition, for the proffered reason that a scheduling conflict arose for the witness. Balanced against this is an unsupported contention that some unspecified costs were or will be incurred. Here, the Court finds that circumstances exist making an award of expenses inappropriate.

*Lewis v. Mazda, et al.*
Civil No. 2009-99
Page 4

Finally, plaintiff requests, without citation to authority, that Ford be precluded from presenting any evidence about the seat belt in this case. Such a sanction is too drastic and is not warranted, especially in the absence of any evidence that plaintiff was unable to obtain this deposition or the discovery it sought at any other time. Accordingly, this Court denies plaintiff's request for such a discovery sanction.

The premises considered, it is HEREBY ORDERED that Plaintiff's Motion for Attorney Fees and Costs [DE 150] is DENIED.

**Dated:** December 20, 2012                    S\_____
                                                                  **RUTH MILLER**
                                                                  United States Magistrate Judge