IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS & ST. JOHN

| | |
|---|---|
| KAMARI LEWIS,                           )<br>                              Plaintiff,   )<br>                                                )<br>           v.                                    )<br>                                                )<br>MAZDA MOTOR OF AMERICA, INC. D/B/A MAZDA )<br>NORTH AMERICAN OPERATIONS, and FORD )<br>MOTOR COMPANY,                      )<br>                                                )<br>                              Defendants.  )<br>                                                )  | Case No. 3:09-cv-00099-CVG-RM |

**DEFENDANTS FORD MOTOR COMPANY AND MAZDA MOTOR OF AMERICA D/B/A MAZDA NORTH AMERICAN OPERATIONS' RESPONSE TO PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE DEFENDANTS FROM OFFERING EXPERT TESTIMONY ON EVIDENCE ON THE VEHICLE AFTER 1999**

Defendants, FORD MOTOR COMPANY ("Ford") and MAZDA MOTOR OF AMERICA, INC. D/B/A MAZDA NORTH AMERICAN OPERATIONS ("MNAO") (collectively "Defendants"), respectfully request that this Court deny plaintiff's motion, *in limine*, to preclude testimony on evidence regarding the condition of the subject vehicle after 1999.

**I.      INTRODUCTION**

In support of his request to exclude testimony about the condition of the subject vehicle after 1999, plaintiff argues that "Defendants do not know what occurred to the seat belt after 1999." But as Defendants have shown, the subject seatbelt is the original equipment seatbelt in the subject vehicle, and it has never been load-marked or replaced. (*See* Defendants' Response to Plaintiff's Motion *In Limine* to Exclude Michael Klima, ECF Docket # 200.) Indeed, the seatbelt inspected by Defendants' experts in 2012 is the same seatbelt that was installed in the vehicle when it was originally manufactured in 1995. Accordingly, because plaintiff has offered

**Defendants' Response to Plaintiff's Motion *In Limine* to Exclude Evidence After 1999**
*Lewis v. Mazda Motors of America, et al.*
DC Case No. 09-cv-0099
Page 2

no basis for excluding testimony regarding the condition of the subject vehicle after 1999 generally, nor with respect to the subject seatbelt specifically, his motion should be denied.

## II.    ARGUMENT

Plaintiff's argument that the right front seatbelt *may* have been replaced at some unknown point in time after the subject accident, and that, therefore, inspections and testing of the seatbelt today may not be reliable, has no basis in fact. No expert in this case has testified that the seatbelts in the subject vehicle were ever replaced. Likewise, no fact witness has testified that the seatbelts were ever replaced. Indeed, all fact witness testimony is to the contrary. Following the subject May 1997 accident, in June 1997 the vehicle was repaired at Dwight Smith Auto Body Repair. (*See* Sworn Statement of Dwight Smith, dated May 17, 2012, attached to ECF Docket # 200 as Exhibit E.) According to Dwight Smith, he "observed the front passenger seatbelt of the Mazda B-3000 to function properly and it was not in need of any repair or replacement." (*Id*.) After the subject vehicle was repaired by Dwight Smith Auto Body Repair, plaintiff's mother drove the vehicle up until 2006 when the transmission became inoperable. (*See* Deposition of Voncelle Anthony, dated Feb. 23, 2006, at 34:17—35:8, attached to ECF Docket # 200 as Exhibit F.) During that period—from June 1997 through 2006—plaintiff's mother was the sole owner of the subject vehicle and claims the only repairs she made were to the clutch and radiator. (*See* Deposition of Voncelle Anthony, dated May 17, 2012, at 91:8—92:17, attached to ECF Docket # 200 as Exhibit G.) When the transmission went out in 2006, plaintiff's mother parked the vehicle in her yard. (*Id*. at 84:14-86:14.) She then gave it to her cousin, Kent Meyers, who repaired the transmission and sold the vehicle to his father-in-law, Harold Attidore, for $1,000. (*Id*.) Harold Attidore currently owns the subject vehicle. (*See*

**Defendants' Response to Plaintiff's Motion *In Limine* to Exclude Evidence After 1999**
*Lewis v. Mazda Motors of America, et al.*
DC Case No. 09-cv-0099
Page 3

Deposition of Harold Attidore, dated March 13, 2012, at 7:2-12, attached to ECF Docket # 200 as Exhibit H.) Mr. Attidore has never had to have the seatbelt repaired or replaced, and he claims he is completely satisfied with its performance. (*Id*. at 11:1-23.) Most importantly, plaintiff himself confirms that in the supposed second accident in 2000, that he was seated in the front right seat and that the seatbelt performed properly. (*See* Lewis Dep., at 45:24—46:5.) It is highly disingenuous, therefore, for plaintiff to now make an unsupported suggestion that the seatbelt was replaced after the supposed 2000 accident when all the evidence is to the contrary, and there is no witness testimony to support such an assertion, no repair records reflecting any replacement, and where plaintiff himself states that the seatbelt worked properly in the 2000 accident.[1]

Furthermore, examination of the subject seatbelt shows that it is consistent with being the original equipment in the subject vehicle and having never been replaced. (*See* Declaration of Michael E. Klima, P.E., in Support of Defendants' Opposition to Plaintiff's Motion in Limine, dated November 20, 2012, attached to ECF Docket # 200 as Exhibit I.) Specifically, documents from a 199[9] inspection of the subject vehicle conducted by Defendants' accident reconstruction expert, Kevin Breen, show that the passenger seatbelt tag CODE / DATE reads: "H9906 30 1 95-3." (*Id*. ¶ 6.) The CODE portion of the seatbelt tag is H9906 and represents the model number of the subject seatbelt assembly. (*Id*.) The DATE portion of the seatbelt tag is 30 1 95-3 and instructs that the seatbelt assembly build date was the first day of the 30th week of 1995 during

---

[1] Despite written discovery on the topic, plaintiff has produced no information about the supposed second accident in 2000 beyond what he and his mother testified to in their depositions. Plaintiff has not produced any photographs, accident reports, repair records, or medical records evidencing the supposed second accident in 2000. Accordingly, if plaintiff is in possession of any undisclosed information related to the supposed second accident in 2000, he cannot be permitted to use that information at trial. *See* Fed. R. Civ. P. 37(c)(1).

**Defendants' Response to Plaintiff's Motion *In Limine* to Exclude Evidence After 1999**
*Lewis v. Mazda Motors of America, et al.*
DC Case No. 09-cv-0099
Page 4

the third shift. (*Id.*) This means that the subject right front seatbelt assembly was built on July 24, 1995. (*Id.*) The production date for the subject vehicle was August 7, 1995. (*Id.* ¶ 7.) This chronology is consistent with the fact that the subject seatbelt inspected by Defendants' experts in 2012 was the same seatbelt that was in the subject vehicle at the time of Mr. Breen's inspection in 1999 and at the time of the original production date of the subject vehicle—it was never replaced. The seatbelt at Mr. Breen's inspection in 1999 is the same seatbelt at Klima's inspection in 2012, with the same belt label tag code.

Finally, at most, plaintiff's argument goes to the weight of Defendants' experts' testimony, not its admissibility. *See DeLuca v. Merrell Dow Pharmaceuticals, Inc.*, 911 F.2d 941, n. 18 (3d Cir. 1990) (citing *Payton v. Abbott Laboratories*, 780 F.2d 147, 156 (1st Cir. 1985) (weaknesses in the factual underpinnings of expert testimony that DES was a teratogen affected the weight and credibility of the testimony, not its admissibility)). At trial, plaintiff is free to cross-examine Defendants' experts regarding whether the subject seatbelt was replaced at some unknown point in time between the subject 1997 accident and Defendants' experts' 2012 inspections and testing.

## III. CONCLUSION

Plaintiff has produced zero evidence to support his assertion that the subject seatbelt was ever replaced. Instead, plaintiff offers only speculation about what *could* have happened. The record, however, demonstrates the belt was never replaced. Through sworn deposition and affidavit testimony, Defendants have demonstrated, in fact, that the seatbelt inspected and tested by Defendants' experts in 2012 was the original seatbelt that was installed in the subject vehicle by Ford in 1995. Finally, even if plaintiff were able to present some evidence—as opposed to

**Defendants' Response to Plaintiff's Motion *In Limine* to Exclude Evidence After 1999**
*Lewis v. Mazda Motors of America, et al.*
DC Case No. 09-cv-0099
Page 5

mere speculation—to legitimately challenge whether the seatbelt was replaced, this challenge is appropriately made at trial through cross-examination of Defendants' experts.  For these reasons, Defendants' respectfully request that the Court deny plaintiff's motion, *in limine*, to preclude testimony on evidence regarding the condition of the subject vehicle after 1999.

                BOWMAN AND BROOKE LLP

By:   s/ David R. Kelly
       David R. Kelly, Esq.
       Admitted *pro hac vice*
       150 South Fifth Street, Suite 3000
       Minneapolis, Minnesota 55406
       david.kelly@bowmanandbrooke.com
       Tel.: (612) 672-3226

Dated:   January 22, 2013

       and

       Bruce P. Bennett, Esq.
       VI Bar #512
       HUNTER COLE & BENNETT
       1138 King Street, 3rd Floor
       Christiansted, St. Croix
       U.S. Virgin Islands  00820
       bbennett@hcbvilaw.com
       Tel.: (340) 773-3535

**Defendants' Response to Plaintiff's Motion *In Limine* to Exclude Evidence After 1999**
*Lewis v. Mazda Motors of America, et al.*
DC Case No. 09-cv-0099
Page 6

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on the 22nd day of January, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filling (NEF) to the following:

Joseph Caines Esq.
P.O. Box 307007
St. Thomas, VI 00802

                                     s/ David R. Kelly
                                     David R. Kelly, Esq.
                                     BOWMAN AND BROOKE LLP
                                     david.kelly@bowmanandbrooke.com