## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS & ST. JOHN

KAMARI LEWIS, )
                      Plaintiff, )     Case No. 3:09-cv-00099-CVG-RM
                            )
             v. )
                            )
MAZDA MOTOR OF AMERICA, INC. D/B/A MAZDA )
NORTH AMERICAN OPERATIONS, and FORD )
MOTOR COMPANY, )
                            )
                Defendants. )
                            )

## DEFENDANTS FORD MOTOR COMPANY AND MAZDA MOTOR OF AMERICA D/B/A MAZDA NORTH AMERICAN OPERATIONS' RESPONSE TO PLAINTIFF'S MOTION *IN LIMINE* TO PROHIBIT MAZDA FROM OPPOSING PLAINTIFF'S CLAIMS

Defendants, FORD MOTOR COMPANY ("Ford") and MAZDA MOTOR OF AMERICA, INC. D/B/A MAZDA NORTH AMERICAN OPERATIONS ("MNAO") (collectively "Defendants"), respectfully request that this Court deny plaintiff's motion, *in limine*, to prohibit MNAO from opposing plaintiff's claims.

Plaintiff seeks the drastic remedy of completely preventing MNAO from defending itself at trial solely on the basis of a claim that MNAO prevented him from taking the deposition of MNAO's corporate representative. But this claim is simply false. After *he cancelled* that deposition, and *withdrew* his deposition notice, plaintiff could have re-noticed MNAO's corporate representative at any time. For reasons unknown, he chose not to do so. A corporation is not obligated to make its corporate representative available for a deposition unless and until it has been served with a proper notice for such deposition. Accordingly, plaintiff's contention that MNAO "wrongly denied plaintiff the evidence necessary to establish a disputed fact" is disingenuous and misleading.

**Defendants' Response to Plaintiff's Motion *In Limine* to Prohibit Mazda from Opposing Plaintiff's Claims**
*Lewis v. Mazda Motors of America, et al.*
DC Case No. 09-cv-0099
Page 2

The factual background surrounding the scheduling of MNAO's corporate representative deposition is somewhat tortured.[1]   On September 7, 2012, MNAO filed a motion for reimbursement of expenses it unnecessary incurred after plaintiff unilaterally cancelled the scheduled deposition of its corporate representative at the last minute.  (*See* ECF Docket # 141.) Notably, plaintiff's purported reason for unilaterally cancelling the deposition at the last minute was that he "inadvertently filed the incorrect notice" which "did not comply with the requirements" of Federal Rule of Civil Procedure 30(b)(6).  Magistrate Miller granted MNAO's motion, in part, on December 20, 2012, ordering that plaintiff's counsel reimburse defense counsel $1,644.05 for travel, meal and lodging expenses.[2]   (*See* ECF Docket # 211.)  In its motion, MNAO also requested that the Court disallow another attempt to take MNAO's corporate representative deposition until its expenses were reimbursed by plaintiff.  (*Id.*)  The Court, however, found no controlling legal authority to support MNAO's request to preclude "further discovery against [MNAO] until after plaintiff's counsel reimburses" it.   (*Id.*) Thereafter, Defendants heard *nothing* from plaintiff's counsel on this subject.

Significantly, counsel for MNAO has never refused to make a MNAO corporate representative available for deposition.  (*See* Email from David R. Kelly to Joseph Caines, dated Sept. 10, 2012, attached hereto as Exhibit A.)  In fact, within days after plaintiff unilaterally cancelled the deposition, MNAO's counsel expressed a willingness to cooperate in the future setting of MNAO's corporate representative deposition, while at the same time reminding

---

[1]  For a complete recitation of the factual background, see Magistrate Judge Miller's Order dated December 20, 2012, ECF Docket # 211.
[2]  To date, defense counsel has not received payment from plaintiff's counsel for this Court-ordered sanction.

**Defendants' Response to Plaintiff's Motion *In Limine* to Prohibit Mazda from Opposing Plaintiff's Claims**
*Lewis v. Mazda Motors of America, et al.*
DC Case No. 09-cv-0099
Page 3

plaintiff's counsel, appropriately, of MNAO's pending motion and the relief sought thereunder.

(*Id.*)

Federal Rule of Civil Procedure 30(b)(1) provides that "[a] party who wants to depose a person by oral questions ***must give reasonable written notice*** to every other party.  The notice must ***state the time and place of the deposition*** and, if known, the deponent's name and address."  *See* Fed. R. Civ. P. 30(b)(1) (emphasis added).  Over a month has now passed since Magistrate Miller ruled on MNAO's motion for costs incurred unnecessarily as a result of the unilateral cancellation of MNAO's corporate representative deposition.  And many months have now passed since the cancelled deposition, which had been noticed for September 5, 2012.[3]  Remarkably, however, at no time since plaintiff unilaterally cancelled MNAO's corporate representative deposition, and withdrew the deposition notice, has plaintiff served MNAO with corporate representative deposition notice.

In light of plaintiff's unexplainable failure to re-notice MNAO's deposition, after withdrawing his cancelled notice, his contention that MNAO has refused to comply with Federal Rule of Civil Procedure 30(b)(6) is superficially based on the motion filed by MNAO which sought to disallow another attempt to take its corporate representative deposition until its expenses were reimbursed by plaintiff.   This excuse, however, is unavailing.  If plaintiff wanted the deposition of MNAO's corporate representative, it was incumbent on plaintiff to serve a deposition notice on MNAO.   Again, ***a corporation is obligated to make its corporate representative available for a deposition only after it has been served with a proper notice for such deposition***.  Moreover, MNAO has never refused to present its corporate representative for

---

[3] MNAO *did* make its corporate representative available for deposition on that date

**Defendants' Response to Plaintiff's Motion *In Limine* to Prohibit Mazda from Opposing
Plaintiff's Claims**
*Lewis v. Mazda Motors of America, et al.*
DC Case No. 09-cv-0099
Page 4

deposition.  To the contrary, as discussed above, in the September 10 email to plaintiff's counsel,

after first noting that a proposed date was unavailable, MNAO's counsel stated:

> I am not saying in this email that we will not under any
> circumstances agree to present the MNAO witness for deposition
> before the end of September, and we do want to be professionally
> accommodating, but surely you must know that the relief we
> sought in the motion we filed on Friday includes a request that you
> should not be allowed to depose the MNAO representative until
> plaintiff has paid the costs incurred by MNAO as outlined in that
> motion.

(*See* Exhibit A, Email from David R. Kelly to Joseph Caines, dated Sept. 10, 2012.)

Accordingly, while MNAO appropriately advised plaintiff of its pending motion which sought,

in part, to disallow its corporate representative deposition until after its expenses were

reimbursed by plaintiff, MNAO certainly never refused to present a witness.  And, in fact,

MNAO advised plaintiff of its desire "to be professionally accommodating" in scheduling the

deposition.  After this September 10 correspondence with plaintiff's counsel, nothing further was

heard from him on this subject.

If, hypothetically, MNAO had refused to produce a witness in response to a properly

noticed deposition pursuant to Federal Rule of Civil Procedure 30(b)(6), only then would

plaintiff have cause to complain.  And, under those circumstances, the Federal Rules of Civil

Procedure provide the appropriate recourse for failure to attend a properly noticed deposition.

*See* Fed. R. Civ. P. 37(d)(1)(A)(i).  MNAO's mere request for an Order restricting another

attempt to depose MNAO's corporate representative, however, is not an appropriate basis for

plaintiff to assert that MNAO has thwarted its discovery attempts.  Furthermore, MNAO's

request to the Court was not a refusal to produce its witness.  The simple fact is plaintiff never

**Defendants' Response to Plaintiff's Motion *In Limine* to Prohibit Mazda from Opposing Plaintiff's Claims**
*Lewis v. Mazda Motors of America, et al.*
DC Case No. 09-cv-0099
Page 5

raised the subject again after receiving MNAO's counsel's September 10 email, never requested another date for deposition, never attempted to re-notice the deposition, and never brought this issue to the attention of counsel or the Court.  Ultimately, therefore, plaintiff's prejudice from not obtaining discovery from MNAO through a corporate representative deposition, if any, is of his own making.

In addition, even assuming plaintiff had properly and timely sought the deposition of MNAO's corporate representative, and further assuming MNAO had refused, the remedies sought by plaintiff would still be extreme and unwarranted.  Plaintiff's motion seeks an Order striking MNAO's "evidence or defenses" and prohibiting MNAO from "opposing claims or enter default judgment against" MNAO.  A sanction of this magnitude is eminently unreasonable under any circumstances—but particularly here where there is absolutely no indication or showing of bad faith whatsoever on the part of MNAO.  Plaintiff simply failed to properly pursue the discovery he now complains he never obtained.  No blame rests with MNAO.

For the foregoing reasons, Defendants respectfully request that the Court deny plaintiff's motion, *in limine*, to prohibit MNAO from opposing plaintiff's claims.

**Defendants' Response to Plaintiff's Motion *In Limine* to Prohibit Mazda from Opposing Plaintiff's Claims**
*Lewis v. Mazda Motors of America, et al.*
DC Case No. 09-cv-0099
Page 6

BOWMAN AND BROOKE LLP

By:    s/ David R. Kelly
David R. Kelly, Esq.
Admitted *pro hac vice*
150 South Fifth Street, Suite 3000
Minneapolis, Minnesota 55406
david.kelly@bowmanandbrooke.com
Tel.: (612) 672-3226

Dated:    January 23, 2013

and

Bruce P. Bennett, Esq.
VI Bar #512
HUNTER COLE & BENNETT
1138 King Street, 3rd Floor
Christiansted, St. Croix
U.S. Virgin Islands  00820
bbennett@hcbvilaw.com
Tel.: (340) 773-3535

**Defendants' Response to Plaintiff's Motion *In Limine* to Prohibit Mazda from Opposing Plaintiff's Claims**
*Lewis v. Mazda Motors of America, et al.*
DC Case No. 09-cv-0099
Page 7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 23rd day of January, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filling (NEF) to the following:

Joseph Caines Esq.
P.O. Box 307007
St. Thomas, VI 00802

s/ David R. Kelly
David R. Kelly, Esq.
BOWMAN AND BROOKE LLP
david.kelly@bowmanandbrooke.com
