# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| KAMARI LEWIS, | ) | |
| | ) | |
| Plaintiff | ) | 3:09-CV-99 |
| | ) | |
| v. | ) | Action for Breach of Express |
| | ) | Warranty, Breach of Implied |
| MAZDA MOTOR of AMERICA, INC. | ) | Warranty, Strict Liability, |
| d/b/a MAZDA NORTH AMERICAN | ) | Negligence, Negligent |
| OPERATIONS, FORD MOTOR | ) | Infliction of Mental and Emotional |
| COMPANY, and PLAZA MOTORS | ) | Distress, Negligent Entrustment, |
| CORPORATION, | ) | Punitive Damages, Compensatory |
| | ) | Damages, **Negligent** |
| Defendants. | ) | **Misrepresentation, Intentional** |
| | ) | **Fraud, Design Defect,** |
| | ) | **Manufacturing Defect, Marketing** |
| | ) | **Defect, Failure to Warn, Failure** |
| | ) | **to Inspect, Intentional** |
| | ) | **Infliction of Emotional Distress,** |
| | ) | **Violation of Magnuson-Moss** |
| | ) | **Warranty Act, 15 USC 2301, et.** |
| | ) | **seq., Violation of Uniform** |
| | ) | **Commercial Code, Seatbelt** |
| | ) | **Failure, Unfair Business Practice,** |
| | ) | **Head Injury, & False Advertisement.** |
| | ) | |
| | ) | JURY TRIAL DEMANDED |

**PLAINTIFF KAMARI LEWIS OPPOSITION TO DEFENDANTS' MOTION IN LIMINE TO EXCLUDE THE OPINIONS OF JAMES NELSON, M. D.**

Plaintiff, Kamari Lewis requests that this court deny Defendants Motion in Limine to Exclude the Opinions of James Nelson, M. D.

## I.   INTRODUCTION

On May 21, 1997 at approximately 3:30 P.M., Voncelle Anthony, Mr. Lewis' mother was on

**Kamari Lewis v. Mazda Motors of America, Inc., et al**
**Civil No. ST-09-cv-99**
**Opposition to Defendants' Motion in Limine to Exclude the**
**Opinions of James Nelson, M. D.**
**Page No. 2 of 7**

her way home from work. She was driving a Mazda B-3000. While lawfully proceeding westward on Centerline Road, between Kings Hill and Chateau Bordeaux, St. John, Virgin Islands, a 1994 Suzuki Sidekick automobile, collided with Ms. Anthony's vehicle. Kamari Lewis, the then nine-year-old son of Ms. Anthony was a front seat passenger in the Mazda. He was wearing his seat belt. Ms. Anthony was adhering to all requirements of the Virgin Islands Statutes pertaining to operating a vehicle on the road, including seat belt use by the driver and front seat passenger. She was not cited in this accident by the Virgin Islands Police Officers who responded to the accident.

Mr. Lewis suffered a traumatic brain injury (TBI), abdomen, neck, chest, shoulder and back injuries. Mr. Lewis was unconscious at the scene of the accident. He was taken first by car, then by ambulance to the Myra Keating Clinic on St. John. Then he was transported to the Roy Lester Schneider Hospital on St. Thomas. He was also unconscious at the hospital.

## II.   DISCUSSION

### A.  LAW ON EXPERT TESTIMONY

Fed. R. of Evid. 702 provides:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of opinion or otherwise if:

(a) The expert's scientific, technical, or other specialized knowledge will

help the trier of fact to understand the evidence or to determine a fact in issue;

**Kamari Lewis v. Mazda Motors of America, Inc., et al**
**Civil No. ST-09-cv-99**
**Opposition to Defendants' Motion in Limine to Exclude the**
**Opinions of James Nelson, M. D.**
Page No. 3 of 7

   (b) The testimony is based on sufficient facts or data;

   (c) The testimony is the product of reliable principles and methods; and

   (d) The expert has reliably applied the principles and methods to the facts of the case.

Fed. R. of Evid. 703 provides:

> An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted. But if the facts or data would otherwise be inadmissible, the proponent of the opinion may disclose them to the jury only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect.

Fed. R. of Evid. 104(a) provides:

> (a) The court must decide any preliminary question about whether a witness is qualified, a privilege exists, or evidence is admissible. In so deciding, the court is not bound by evidence rules, except those on privilege.

The principles of Federal Rules of Evidence 104 (a) governs the admissibility of expert testimony. This rule provides that the proponent has a burden of establishing that the admissibility requirements are met by a preponderance of the evidence. See ***Bourjaily v. United States*, 483 U. S. 171 (1987).**

A judge is required to make a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientific only valid. And whether that reason then all

**Kamari Lewis v. Mazda Motors of America, Inc., et al**
**Civil No. ST-09-cv-99**
**Opposition to Defendants' Motion in Limine to Exclude the**
**Opinions of James Nelson, M. D.**
**Page No. 4 of 7**

methodology could be properly applied to the facts at issue in the case. *Daubert v. Merrill Dow Pharm., Inc. 509 U. S. 579 (1993).* The Court stated that whether it's theory or methodology is scientific knowledge that can be tested is the key to inquiry. *Id at 588-89.* Expert testimony discussed in scientific knowledge, the methodology or technique upon which it was space must be relevant, reliable, helpful, and fit. *Id at 589-92*.

The Court set forth the following non exhaustive factors to be considered:

(1) whether the experts technique or theory can or has been tested-that is, whether the experts the week can be challenged in some objective sense, or whether it is simply a subjective, conclusory approach that cannot reasonably be assessed for reliability;

(2) whether the technique or theory has been subject to peer review and publication;

(3) the known or potential rate of error of the technique or theory when applied;

(4) the existence and maintenance of standards and controls; and

(5) whether the technique or theory has been generally accepted in the scientific community.

*Id at 593-594.*

It was emphasized by the Supreme Court that inquiry was to be a flexible one, focused primarily on principles and methodology. *Id at 594-95*.

The Supreme Court extended the trial judge's discretionary authority to include the experts rationale and conclusions. *General Electric Co. v. Joiner, 522 U. S. 126 (1997)*.

The *Daubert* reliability factors are not a definitive checklist or tests but a group of factors that in the court's discretion may be considered when determining the admissibility of expert testimony.

**Kamari Lewis v. Mazda Motors of America, Inc., et al**
**Civil No. ST-09-cv-99**
**Opposition to Defendants' Motion in Limine to Exclude the**
**Opinions of James Nelson, M. D.**
**Page No. 5 of 7**

*Kumho Tire Co., Ltd. v. Carmichael, 526 U. S. 137 (1999).*

The court in *In re Paoli R. R. Yard PCB Litigation, 35 F. 3d 717, 744 (3d Cir. 1994)*, stated that proponents "do not have to demonstrate to the judge by a preponderance of the evidence that the assessments of the experts are correct, they only have to demonstrate by preponderance of evidence that their opinions are reliable …. The evidentiary requirement of reliability is lower than the merits standard of correctness."

No single factor is necessarily dispositive of the reliability of a particular expert's testimony. See,

*Heller v. Shaw Industries, Inc., 167 F. 3d 146, 155 (3d Cir. 1999).*

In short, an expert must have the requisite "qualifications, reliability, and fit." *In re Unisys Sav. Plan Litig., 173 F.3d 145,155 (3d Cir. 1999).* Under Fed. R. of Evid. 702, the proffered witness must be "qualified as an expert.

Defendants object to Dr. Nelson on two main grounds. First they claim that he did not do a memory test and cannot opine on the plaintiff's memory. Second, they claim that he did not do a follow up polysomnogram exam. Defendants positions fail.

Dr. Nelson testified that he reviewed the reports of Tom Tyne, Ph D. and Ramona Moss, Ph. D. Both Dr. Moss and the late Dr. Tom Tyne performed tests to test the memory of Mr. Lewis. Some of the memory tests that defendants' expert Jorge Herrera, Ph. D. performed on the plaintiff were done by Dr. Moss. Dr. Nelson reviewed the tests results. He then performed his own tests and came to an opinion.

Dr. Nelson is the treating physician of the plaintiff. Contrary to the defendants contention, he Performed the requisite polysonogram tests. He tested the plaintiff on September 15, 2012.

**Kamari Lewis v. Mazda Motors of America, Inc., et al**
**Civil No. ST-09-cv-99**
**Opposition to Defendants' Motion in Limine to Exclude the**
**Opinions of James Nelson, M. D.**
**Page No. 6 of 7**

As provided in Fed. R. of Evid. 703, Dr. Nelson may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. He was made aware of Mr. Lewis' condition by the reports of Dr. Tyne and Dr. Moss. Experts in the field of Dr. Moss rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted. Defendants expert, Jorge Herrera administered the same tests that Dr. Tyne and Dr. Moss administered.

Dr. Nelson has the requisite "qualifications, reliability, and fit." ***In re Unisys Sav. Plan Litig., 173 F.3d 145,155 (3d Cir. 1999).*** He is qualified under Fed. R. of Evid. 702.

Wherefore the plaintiff requests that the court deny defendants motion to preclude Dr. Nelson's testimony.

Dated: January 31, 2013                    Respectfully submitted:

                                                 _s/Joseph Caines_____
                                                 Joseph Caines, Esq.
                                                 Law Offices of Joseph Caines, P.C.
                                                 100 Blackbeard's Hill, Suite 4B
                                                 P.O. Box 307007
                                                 St. Thomas, V.I. 00803
                                                 Tel. 340-774-9277
                                                 Fax. 340-774-9267
                                                 E-mail: cainesj@viaccess.net

**Kamari Lewis v. Mazda Motors of America, Inc., et al**
**Civil No. ST-09-cv-99**
**Opposition to Defendants' Motion in Limine to Exclude the**
**Opinions of James Nelson, M. D.**
**Page No. 7 of 7**

## CERTIFICATE OF SERVICE

**IT IS HEREBY CERTIFIED** that on the 31st day of January 2013, I caused a true and exact copy of the foregoing **MOTION** to be filed electronically with the Clerk of the Court using the CM/ECF System, which will provide notification to:

>David R. Kelley, Esq.
>Bowman and Brooke, LLP
>150 South Fifth Street, Suite 3000
>Minneapolis, Minnesota 55406
>
>Bruce P. Bennett, Esq.
>Hunter, Cole & Bennett
>Pentheny Building, 3rd Floor
>1138 King Street, Suite 301
>Christiansted, St. Croix, VI 00820

                                              **/s/ Joseph Caines, Esq.**